UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRASSFIRE, LLC,

    Plaintiffs

v.                                                    CASE NO.: 8:21-cv-2719-WFJ-JSS

STEVEN LARRY LAWS, SUSAN MAYS,
AMBER MURRAY, DEVON WARD,
FARELLE WALKER, MICHELE LAWS,
ASK AMBER, LLC,
FLY RENEGADE PRODUCTIONS, LLC,
TBA POLITICAL PARTNERS,
L&R LOGICAL SOLUTIONS, LLC,
BRIAN LENHART, AND RENEE GORDON,

    Defendants.
_____/

## **ORDER GRANTING TEMPORARY RESTRAINING ORDER**

THIS CAUSE came before the Court on Plaintiff's Motion for Temporary Restraining Order. Dkt. 7. Based on the submissions of the parties, and the argument before the Court, if any, and good cause appearing therefore, the Court has determined that Plaintiff has demonstrated a need for a temporary restraining order against Defendants and their agents, assigns, and any other person acting on their behalf. Accordingly, the Court finds as follows:

1. Plaintiff Grassfire, LLC has a substantial likelihood of prevailing on the merits of some or all of its claims in this case.

2. Unless the restraining order is issued, Plaintiff will suffer irreparable harm.

3. The threatened injury to Plaintiff outweighs the harm the injunction might cause Defendants.

4. The restraining order will not adversely affect the public interest.

The Court grants Plaintiff's Motion for Temporary Restraining Order at docket 7 as follows:

1. Defendants, and their agents, assigns, and any other person acting on her behalf, are ordered to:

   a. Immediately cease publishing false statements regarding Grassfire, LLC, including without limitation that Grassfire has stopped the signature campaign in support of the Limited Authorization of Casino Gaming ballot measure (the "Gaming Measure"), that Grassfire is dropping its support of the Gaming Petition, that Grassfire is leaving town, and that Grassfire is about to fire all circulators.

b. Immediately cease presenting any paperwork to anyone as a contract from Grassfire that is not actually a contract from Grassfire;

c. Immediately cease accepting any signatures in support of the Gaming Measure from Grassfire circulators;

d. Immediately cease representing to any Grassfire circulator that signatures sheets that are not actually from Grassfire are from Grassfire;

e. Immediately cease any attempt to interfere with Grassfire's internet access in any location;

f. Immediately cease any attempt to interfere with Grassfire's right or permission from property owners to solicit signatures on those owners' properties;

g. Immediately cease instructing Grassfire circulators to make false statements to Grassfire or Grassfire's agents and representatives.

h. Immediately return to Plaintiff all of its confidential, proprietary, and trade secret documents and information, and then permanently sequester and do not further consult or view any physical or electronic copies in their possession.

2. Because it has not been shown that Defendants will suffer any costs or damages if Defendants are wrongfully enjoined or restrained under the terms of this order, no security is required.

3. A hearing on Plaintiff's motion for a preliminary injunction is scheduled for **November 29, 2021 at 9:00 a.m**. at the Sam Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida, **Courtroom 15B**. This order expires at the conclusion of that hearing or until this Court rules on Plaintiff's motion for a preliminary injunction, whichever is later.

4. Plaintiff will immediately provide a copy of this Order by email and the most expeditious process to all interested parties, and will also engage in legally sufficient service of process on an immediate basis.

**DONE AND ORDERED** at Tampa, Florida, on November 22, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE